Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| JOSÉ JAVIER CAMACHO FONTANEZ, AIDA LUZ VÉLEZ RIVERA, SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR JOSÉ JAVIER CAMACHO FONTANEZ Y AIDA LUZ VÉLEZ RIVERA<br><br>Parte Apelada<br><br>v.<br><br>NELSON LUIS SÁNCHEZ RODRÍGUEZ<br><br>Parte Apelante | TA2026AP00026 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: NG2022CV00017<br><br>Sala: 206<br><br>Sobre: Incumplimiento de Contrato, Daños |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico a 6 de abril de 2026.

Comparece ante *nos,* Nelson L. Sánchez Rodríguez (apelante) y nos solicita que revisemos una *Sentencia* emitida el 19 de septiembre de 2025 y notificada el 22 de septiembre de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Humacao. Mediante dicho dictamen, el TPI declaró *Ha Lugar* la *Moción en Solicitud de Sentencia Sumaria* que presentaron José J. Camacho Fontánez y Aida L. Vélez Rivera (apelados), y, en consecuencia, ordenó a la parte apelante a pagar a los apelados $10,000.00 en concepto de daños contractuales para cada uno de los cónyuges, más $3,000.00 en concepto de honorarios de abogado.

Por los fundamentos antes expuestos, se *confirma* la *Sentencia* apelada.

**I.**

El 16 de febrero de 2022, los apelados incoaron una *Demanda* sobre incumplimiento de contrato y daños y perjuicios en contra de la parte apelante. Alegaron que, otorgaron junto a la parte apelante, la Escritura de Compraventa Núm. 218 el 25 de mayo de 2006 sobre un bien inmueble sito en Naguabo, Puerto Rico. Así, sostuvieron que, al momento de la firma de la Escritura de Compraventa, la propiedad se encontraba afecta a un gravamen hipotecario por la suma principal de $63,906.00 con un interés anual de 6.5%, en garantía de un pagaré a favor de Doral Financial Corp. haciendo negocios como HF Mortgage Bankers.

Asimismo, señalaron que al momento de la compraventa el apelante asumió la hipoteca que gravaba la propiedad y se efectuó un compromiso verbal donde este debía realizar las gestiones necesarias y pertinentes para colocar el préstamo hipotecario a su nombre. Arguyeron que el préstamo hipotecario continúa a su nombre y el apelante dejó de realizar los pagos de la hipoteca. Así pues, plantearon que, como consecuencia de las acciones del apelante, su crédito se vio seriamente perjudicado. Por consiguiente, solicitaron, entre otras cosas, $10,000.00 por los daños y perjuicios sufridos y $3,000.00 en honorarios de abogado.

Posteriormente, el 28 de junio de 2022, el foro primario emitió una *Resolución* mediante la cual le anotó la rebeldía a la parte apelante. En vista de ello, el 6 de octubre de 2022, la parte apelante presentó una *Moción Solicitando Levantamiento de Anotación de Rebeldía.* Ese mismo día, el TPI emitió una *Resolución* mediante la cual dejó sin efecto la anotación de rebeldía. Así las cosas, el 15 de octubre de 2022, la parte apelante presentó una *Contestación a la Demanda* mediante la cual negó la mayoría de las alegaciones.

Luego de varios incidentes procesales, el 18 de mayo de 2025, la parte apelada presentó una *Moción en Solicitud de Sentencia*

*Sumaria.* Mediante esta, solicitó que se dictase sentencia sumaria por no existir hechos materiales en controversia. Razonó que los remedios solicitados mediante la presente causa de acción son prácticamente académicos y que el incumplimiento del apelante quedó probado mediante la *Sentencia* de ejecución recaída en el caso HU2023CV00195. Así, consideró que procedía aplicar el derecho para conceder la cuantía de los daños reclamados.

El 17 de junio de 2025, la parte apelante presentó una escueta *Oposición a Solicitud de Sentencia Sumaria.* Acto seguido, el 19 de septiembre de 2025, el foro primario emitió una *Sentencia,* notificada el 22 de septiembre de 2025, mediante la cual declaró *Ha Lugar* la *Moción en Solicitud de Sentencia Sumaria* que presentó la parte apelada. En consecuencia, ordenó a la parte apelante a pagar a los apelados $10,000.00 en concepto de daños contractuales para cada uno de los cónyuges, más $3,000.00 en concepto de honorarios de abogado.

Inconforme, el 5 de octubre de 2025, la parte apelada presentó una *Oposición en Réplica para Reconsideración de Sentencia Sumaria.* Acaecidos varios incidentes procesales, innecesarios pormenorizar, el 8 de diciembre de 2025, el TPI emitió una *Resolución Interlocutoria,* notificada el 9 de diciembre de 2025, mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración presentada.

Inconforme aun, el 8 de enero de 2026, la parte apelante compareció ante *nos* mediante un recurso de *Apelación* y alegó la comisión del siguiente error:

ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA A FAVOR DE LA PETICI[Ó]N DE SENTENCIA SUMARIA PRESENTADA POR LA PARTE DEMANDADA, AUN TENIENDO EN CUENTA QUE EN NING[Ú]N MOMENTO EN EL CASO EL TRIBUNAL TUVO ANTE SI PARA PRESENTACI[Ó]N DE EVIDENCIA POR PARTE DE LOS DEMANDANTES, EN FORMA DE JURAMENTO, Y SOLAMENTE DESCANSO EN LOS

ESCRITOS SUBJETIVOS PREPARADOS POR LA ABOGADA ADVERSA.

Examinado el recurso de *Apelación*, el 23 de enero de 2026, emitimos una *Resolución* mediante la cual concedimos un término de veinte (20) días a la parte apelada para presentar su posición al recurso. Transcurrido el término sin el beneficio de la comparecencia de la parte apelada, pasaremos a resolver.

**II.**

**A. Sentencia sumaria**

Como es sabido, la Regla 36 de Procedimiento Civil (32 LPRA Ap. V) regula todo lo relacionado a la moción de sentencia sumaria. *Cruz Cruz y otros v. Casa Bella Corp.,* 213 DPR 980 (2024); *Acevedo y otros v. Depto. Hacienda y otros,* 212 DPR 335 (2023). Dicho mecanismo procesal es utilizado en aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, la celebración de un juicio en su fondo no es necesaria en la medida que solo resta por dirimir determinadas controversias de derecho. *Oriental Bank v. Caballero García,* 212 DPR 671 (2023). Véase, además, *Acevedo y otros v. Depto. Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310 (2021). Según ha resuelto nuestro Tribunal Supremo, un hecho material es aquel que puede alterar la forma en que se resuelve una reclamación, de acuerdo con el derecho sustantivo aplicable. *Cruz Cruz y otros v. Casa Bella Corp., supra.*

El propósito que persigue el mecanismo de la sentencia sumaria es que los pleitos civiles sean solucionados de forma justa, rápida y económica. *González Meléndez v. Mun. San Juan et al.,* 212 DPR 601 (2023). Véase, además, *Acevedo y otros v. Depto. Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al., supra*; *Rodríguez Méndez v. Laser Eye et al.,* 195 DPR 769 (2016). Por tanto, quien promueva la sentencia sumaria deberá establecer su derecho

con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. *Oriental Bank v. Caballero García, supra.* Así, la Regla 36.3 de Procedimiento Civil (32 LPRA Ap. V), establece cual será el contenido y los requisitos de forma que deberán observarse tanto en la solicitud de sentencia sumaria que inste la parte promovente, como en la oposición que pueda presentar la parte promovida. *Acevedo y otros v. Depto. Hacienda y otros, supra*; *León Torres v. Rivera Lebrón,* 204 DPR 20 (2020).

Por ser la sentencia sumaria un remedio discrecional, el principio rector para el uso de este mecanismo es el sabio discernimiento del juzgador, ya que mal utilizada puede privar a una parte de su día en corte, principio elemental del debido proceso de ley. *Jusino et als. v. Walgreens,* 155 DPR 560 (2001). Así pues, un tribunal podrá emitir una sentencia sumaria si de las alegaciones, deposiciones, contestaciones, interrogatorios y admisiones ofrecidas, junto a las declaraciones juradas – según fueran ofrecidas – surge que no existe una controversia real sustancial en cuanto a ningún hecho material, restando entonces resolver la controversia en estricto derecho. *Acevedo y otros v. Depto. Hacienda y otros, supra*; Regla 36.3 de Procedimiento Civil, *supra.* Así pues, resulta esencial que de la prueba que acompaña la solicitud de sentencia sumaria surja de manera preponderante que no existe controversia sobre los hechos medulares del caso. *Cruz Cruz y otros v. Casa Bella Corp., supra.*

Así, para sostener u oponerse a una petición de sentencia sumaria las partes podrán presentar, entre otras, las siguientes piezas de evidencia: certificaciones, documentos públicos, admisiones de la parte contraria, deposiciones, contestaciones a interrogatorios, declaraciones juradas o affidavits, y hasta prueba oral. *Acevedo y otros v. Depto. Hacienda y otros, supra,* citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal*

*Civil,* 6ta ed., San Juan, LexisNexis, 2017, pág. 318. Nuestro máximo Foro ha sido enfático en que, cuando una parte acompaña su solicitud u oposición de sentencia sumaria de una o varias declaraciones juradas, estas deben cumplir con las disposiciones especiales pautadas en la Regla 36.5 de Procedimiento Civil (32 LPRA Ap. V). *Acevedo y otros v. Depto. Hacienda y otros, supra.*

A esos efectos, se requiere que las declaraciones juradas demuestren afirmativamente el conocimiento personal y la calificación del testigo, también se requiere que se presenten únicamente hechos admisibles como evidencia en un juicio. Hernández Colón, *op. cit.* pág. 319. Por consiguiente, cuando la solicitud de sentencia sumaria está apoyada en una o varias declaraciones juradas, dicha prueba no podrá contener solo conclusiones sin hechos específicos que las sustenten. *Acevedo y otros v. Depto. Hacienda y otros, supra.* Lo anterior, serían meras conclusiones reiterando las alegaciones de la demanda y, por tanto, prueba insuficiente y sin valor probatorio. *Íd.* citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, Pubs. J.T.S., 2000, T. I, págs. 615-616.

El Tribunal Supremo de Puerto Rico ha sido enfático en que, el hecho de que la parte promovida no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica que dicha moción procederá automáticamente si efectivamente existe una controversia sustancial sobre hechos materiales. *Acevedo y otros v. Depto. Hacienda y otros, supra; SLG Fernández-Bernal v. RAD-MAN et al., supra.* Ahora bien, nuestro máximo Foro ha reiterado que una moción de sentencia sumaria no procederá cuando: (1) existen hechos materiales controvertidos (2) hay alegaciones afirmativas en la demanda que no han sido refutadas (3) surge de los propios documentos que se acompañan con la moción una controversia real

sobre algún hecho material, o (4) como cuestión de derecho no procede. *Acevedo y otros v. Depto. Hacienda y otros, supra.* Véase, además, *SLG Fernández-Bernal v. RAD-MAN et al., supra*; *Vera v. Dr. Bravo*, 161 DPR 308 (2004).

De igual forma, el mecanismo de sentencia sumaria no es utilizable cuando existen controversias de hechos materiales sobre elementos subjetivos de intención, propósitos mentales o negligencia. *Cruz Cruz y otros v. Casa Bella Corp., supra.* Véase, además, *Acevedo y otros v. Depto. Hacienda y otros, supra*; *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656 (2017); *Ramos Pérez v. Univisión*, 178 DPR 200 (2010); *Soto v. Hotel Caribe Hilton*, 137 DPR 294 (1994). Sin embargo, nada impide que se utilice el mecanismo de sentencia sumaria en reclamaciones que requieran elementos subjetivos o de intención cuando de los documentos a ser considerados en la solicitud de sentencia sumaria surge la inexistencia de controversia en torno a los hechos materiales. *Cruz Cruz y otros v. Casa Bella Corp., supra.*

Además, puntualizamos que al momento de atender una solicitud de revisión de sentencia sumaria los foros apelativos estamos llamados a "examinar el expediente de *novo* y verificar que las partes cumplieron con las exigencias" pautadas en las Reglas de Procedimiento Civil. *Acevedo y otros v. Depto. Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al., supra*; *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010 (2020). Según ha establecido el Tribunal Supremo, este Tribunal está limitado a: (1) considerar los documentos y argumentos que se presentaron ante el foro primario (lo cual implica que, en apelación, los litigantes no pueden añadir prueba que no fue presentada oportunamente ante el tribunal de instancia ni esbozar nuevas teorías); (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) determinar si el derecho se aplicó de forma correcta.

*González Meléndez v. Mun. San Juan et al., supra.* Así pues, los foros apelativos estamos en la misma posición que los tribunales de instancia y se utilizan los mismos criterios para evaluar una solicitud de sentencia sumaria. *Íd.* Véase, además, *Cruz Cruz y otros v. Casa Bella Corp., supra.*

### B. Derecho de contratos

El Artículo 1041 del Código Civil de 1930 (31 LPRA ant. sec. 2991) establece que toda obligación consiste en dar, hacer o no hacer una cosa. [1] Así pues, una de las fuentes de las obligaciones son los contratos. Artículo 1042 del Código Civil de 1930 (31 LPRA ant. sec. 2992).

Cónsono con esto, nuestro ordenamiento jurídico permite la libertad de contratación; siempre y cuando, los pactos, cláusulas y condiciones no sean contrarios a la ley, la moral o al orden público. Artículo 1207 del Código Civil de 1930 (31 LPRA ant. sec. 3556). Si se cumple con lo dispuesto, el contrato tendrá fuerza de ley entre las partes, por lo que ambas se obligan al cumplimiento de lo allí pactado y de sus consecuencias. Artículos 1044 y 1210 del Código Civil de 1930 (31 LPRA ant. sec. 2995 y 3375). En adición, "cuando los términos de un contrato son claros y no crean ambigüedades, estos se aplicarán en atención al sentido literal que tengan". *C.F.S.E. v. Unión de Médicos,* 170 DPR 443 (2007).

A su vez, los contratos existen desde que una o varias personas consienten en obligarse respecto de otra u otras, a dar alguna cosa o a prestar algún servicio. Artículo 1206 del Código Civil de Puerto Rico (31 LPRA ant. sec. 3371)*; García Reyes v. Cruz Auto Corp.,* 173 DPR 870 (2008). Así pues, la existencia de un contrato se constata cuando concurren los siguientes requisitos: (1)

---

[1] Aunque el Código Civil citado, Código Civil de Puerto Rico de 1930, fue derogado por la Ley Núm. 55-2020, conocido como Código Civil de Puerto Rico, hacemos referencia al primero por ser el que estaba vigente a la fecha de la controversia de autos.

consentimiento de los contratantes; (2) objeto cierto que sea materia del contrato; y (3) causa de la obligación que se establezca. Artículo 1213 del Código Civil de Puerto Rico (31 LPRA ant. sec. 3391); *García Reyes v. Cruz Auto Corp., supra,* a la pág. 885. Una vez concurren las condiciones esenciales para su validez, un contrato es obligatorio "cualquiera que sea la forma en que se haya celebrado". Artículo 1230 del Código Civil de Puerto Rico (31 LPRA ant. sec. 3451).

### C. Daños contractuales

El Artículo 1054 del Código Civil (31 LPRA ant. sec. 3018) establecía que: ¨[q]uedan sujetos a la indemnización de los daños y perjuicios causados, los que en el cumplimiento de sus obligaciones incurrieren en dolo, negligencia o morosidad, y los que de cualquier modo contravinieren al tenor de aquellas. ¨

Cónsono con esto, nuestro ordenamiento jurídico reconoce dos actos perjudiciales que dan lugar a distintos tipos de responsabilidad: la contractual y la extracontractual. A esos efectos, la responsabilidad contractual emana del "quebrantamiento de un deber que surge de un contrato expreso o implícito". *Soc. de Gananciales v. Vélez & Asoc.,* 145 DPR 508 (1998). Por lo que, la acción en daños contractuales procede únicamente cuando el daño sufrido surge como consecuencia de la inobservancia de obligaciones anteriormente acordadas. *Maderas Tratadas v. Sun Alliance et al.,* 185 DPR 880 (2012). Es decir, es imperante que, al dano le preceda una relación jurídica entre las partes. *Íd.* Así, el propósito de una acción de índole contractual es asegurar que se cumplan las promesas contractuales sobre las que las partes de un contrato otorgaron su consentimiento. *Santiago Nieves v. ACAA,* 119 DPR 711 (1987).

### III.

En la presente causa, la parte apelante planteó que erró el TPI al dictar sentencia sumaria, aun teniendo en cuenta que en ningún

momento el foro primario tuvo ante sí la presentación de evidencia por la parte apelada, en forma de juramento y solo descansó en los escritos subjetivos preparados por la representación legal de los apelados.

Un examen minucioso del expediente que nos ocupa nos lleva a concluir que el pronunciamiento que atendemos es uno conforme a derecho y a la prueba presentada. Surge de la prueba de autos, específicamente, de la Carta del 18 de noviembre de 2021, que la parte apelada realizó una reclamación extrajudicial desde antes de la presentación de la *Demanda* que nos ocupa. Dicha reclamación, surge ante el incumplimiento de la parte apelante con el contrato de compraventa que las partes llevaron a cabo mediante la Escritura Núm. 1 del 25 de mayo de 2006. Así pues, la parte apelada evidenció haber realizado gestiones extrajudiciales dirigidas a obtener el cumplimiento de la parte apelante.

Asimismo, surge del expediente ante nuestra consideración que el acreedor Luna Residential II, LLC., quien poseía el pagaré hipotecario, instó una causa de acción en el caso HU2023CV00195. Como consecuencia, el 29 de septiembre de 2023, foro primario emitió una *Sentencia* en rebeldía mediante la cual declaró con lugar la *Demanda* y ordenó la ejecución hipotecaria sobre el bien inmueble en controversia. Por lo tanto, coincidimos con el foro primario en que la falta de gestión afirmativa, la incomparecencia del apelante ante el procedimiento judicial, así como su inacción ante la reclamación extrajudicial, acreditan el incumplimiento de este con las obligaciones contractuales que contrajo con los apelados.

De otro lado, es imprescindible dejar claro que la parte apelante no controvirtió los hechos alegados por la parte apelada y no presentó ninguna prueba que establezca la existencia de hechos en controversia.

Así pues, luego de haber realizado un análisis de *novo* de la *Moción en Solicitud de Sentencia Sumaria,* así como de haber corroborado el cumplimiento de los requisitos con las Reglas de Procedimiento Civil, concluimos que no incidió el foro primario al dictar la *Sentencia* apelada.

**IV.**

Por los fundamentos antes expuesto, confirmamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Rodríguez Flores está conforme en parte y disiente en parte, por lo que emite la siguiente expresión:

Estoy **conforme** con haber acogido la petición de sentencia sumaria y dictar sentencia para revertir la titularidad a favor de los demandantes, mediante la correspondiente escritura y en la concesión de los honorarios de abogados.

No obstante, **disiento** con otorgarle los diez mil dólares a favor de cada demandante. Lo anterior, en ausencia de alguna determinación de hecho en la sentencia dictada sumariamente, relacionada a esos daños. En la alternativa, tampoco vimos ningún pacto expreso o vista evidenciaria que haya dilucidado el nexo causal y los daños contractuales concedidos. Entiendo que, para que prospere una causa de acción en daños contractuales, no es suficiente probar el incumplimiento. Hay que demostrar la existencia de los daños causados y que estos surgieron como consecuencia exclusiva del incumplimiento de una obligación pactada.

Por tanto, hubiera dictado una sentencia sumaria parcial revirtiendo la titularidad, para luego celebrar la correspondiente vista -nexo causal y los daños-.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones